**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

JASON E. ROGERS,

       Plaintiff,

       v.                                  CAUSE NO.: 2:17-CV-248-TLS

JEFF HUSSEY and METALS USA
SPECIALITY METALS
NORTHCENTRAL, INC.,

       Defendants.

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Notice of Removal alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1, ¶ 1.) Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). As the party seeking to invoke this Court's jurisdiction, the Defendant Jeff Hussey bear the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 98 (2010); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A failure to meet that burden can result in a remand to state court. *See Schur*, 577 F.3d at 758. In this case, Defendant Hussey has sufficiently alleged that the amount in controversy exceeds $75,000.00 and has sufficiently alleged the citizenship of the original corporate defendant Metals USA, Inc. (ECF No. 1.) The Amended Complaint properly

alleges the citizenship of the substituted corporate defendant Metals USA Specialty Metals Northcentral, Inc.

However, citizenship has not been properly alleged for the individual parties—the Plaintiff Jason E. Rogers and the Defendant Jeff Hussey. The Notice of Removal alleges that the Plaintiff Jason E. Rogers "is a resident of Indiana" and that the individual Defendant Jeff Hussey "is a resident of Illinois." (ECF No. 1, ¶¶ 4, 5.) Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Accordingly, the Court ORDERS the Defendant Jeff Hussey to FILE, on or before, **June 25, 2019,** a supplemental jurisdictional statement identifying (1) the domicile of Jason E. Rogers on June 1, 2017, and (2) the domicile of Jeff Hussey on June 1, 2017.

SO ORDERED on June 12, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT